UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| JUSTIN MILO BEESON, | Case No. 1:10-cv-00454-BLW |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| HON. JUDGE CHERI COPSEY; DAVID NAVARRO; IDAHO LEGISLATORS; IDAHO STATE SUPREME COURT JUSTICES; IDAHO STATE BOARD OF CORRECTION; IDAHO DEPARTMENT OF CORRECTION; and the STATE OF IDAHO, | |
| Defendants. | |

Pending before this Court are defendant David Navarro's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12 (Dkt. 14) and his related Motions to Strike (Dkts. 22, 23). The Court finds that the decisional process would not be aided by oral argument, and it will resolve these motions after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

## BACKGROUND

Justin Beeson is incarcerated at the Idaho State Correctional Institution. He alleges that Idaho's state statutory system, which requires indigent prisoners to accomplish service of process on their own, violates his federal and state constitutional rights. The only remaining defendant in this action, David Navarro, moves to dismiss

MEMORANDUM DECISION AND ORDER - 1

Beeson's complaint. Among other things, Navarro asserts that dismissal is required because Beeson has accumulated three strikes under 28 U.S.C. § 1915(g) and has failed to pay the Court's filing fee. *See Motion Memo.*, Dkt. 15, at 8-9 (citing Fed. R. Civ. P. 12(b)(1) and (6)).

For the reasons set forth in this memorandum, the Court will deny Navarro's motion to dismiss, but will revoke Beeson's in forma pauperis (IFP) status under 28 U.S.C. § 1915(b).

## ANALYSIS

"Plaintiffs normally must pay $350 to file a civil complaint in federal district court but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status." *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) (citation omitted). Prisoners may seek IFP status, but they face an additional hurdle. In a statutory provision "nicknamed the 'three-strikes rule'," *id.* at 1049, Congress prohibited courts from granting IFP status to a prisoner if he or she has filed, as a prisoner, three or more actions that were dismissed for specified reasons, including dismissals for failure to state a claim upon which relief may be granted. The provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury

28 U.S.C. § 1915(g).

In this case, when the Court screened Beeson's complaint, it was unaware that Beeson had already filed three actions that had been dismissed. (In the relevant questionnaire Beeson indicated he had not filed any previous actions. *See Compl.,* Dkt. 3, at 17.) Navarro, however, cited the Court to three separate actions Beeson filed in November 2000. *See Beeson v. Ada County Clerk*, Case No. cv00-642-S-LMB; (*Beeson I*); *Beeson v. Spalding,* Case No. cv00-643-S-BLW (*Beeson II)*; *Beeson v. FBI*, Case No. cv00-692-S-LMB (*Beeson III).* The Court has reviewed these cases and found that all were dismissed because Beeson failed to state claims upon which relief could be granted. *See Beeson I Dkt. 22* (Nov. 20, 2001 Order); *Beeson II Dkt. 81* (Mar. 26, 2004 Order); *Beeson III Dkt. 22* (July 30, 2002 Order).

Beeson argues that because these dismissals were "without prejudice," they cannot constitute strikes. As support, he cites the Fourth Circuit's decision in *McLean v. United States*, 566 F.3d 391, 397 (4th Cir. 2009) ("a dismissal without prejudice for failure to state a claim does not count as a strike"). *McLean,* however, is not binding upon this Court. Moreover, the Ninth Circuit has held that a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is "frivolous, malicious or fails to state a claim." *O'Neal v. Price*, 531 F.3d 1146, 1154 (9th Cir. 2008). Thus, under binding Ninth Circuit authority, Beeson has accumulated three strikes.

The mere fact that Beeson has three strikes does not require dismissal of this action, however. *See Hughes v. Correctional Med. Servs.*, 2008 WL 4099259, at *2

(N.D. Ind. 2008). As one court explained, § 1915(g) does not "prohibit a three struck inmate from filing new complaints – a prisoner who has struck out may file as many complaints as he wishes. Section 1915(g) does, however, preclude a three struck inmate from using the installment payment mechanism of § 1915(b) unless he is in imminent danger of serious physical injury." *Id.*

Thus, the proper action at this point is to reconsider Beeson's IFP status. Because of the three strikes, this Court erroneously granted Beeson IFP status unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate," *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). Further, prisoners "qualify for the exception based on the alleged conditions *at the time the complaint was filed.*" *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (emphasis added). Allegations of past harm will not suffice; the harm must be imminent or occurring at the time the complaint is filed. *See Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3d Cir. 2001) (being pepper sprayed once does not constitute imminent danger).

Beeson has failed to allege any facts showing that he is in imminent danger of serious physical injury. When he initially filed his complaint in September 2010, Beeson checked "Yes" when asked, "Are you in imminent danger of serious physical injury?" *Compl.*, Dkt. 3, at 20. He explained his answer only with the following: "prison violence, reprisal, gov-action, loss of const. rights." *Id.* These vague, non-specific allegations are

MEMORANDUM DECISION AND ORDER - 4

insufficient to show imminent danger.

In response to this motion, Beeson attempts to show imminent danger with a new set of allegations that have no relation to his complaint. He now claims he is in imminent danger because, among other things, the prison has failed to provide adequate medical care. In that regard, Beeson claims the prison has continuously failed to treat a herniated disk in his back, as well as "herniated esophagus/complications." *Response,* Dkt. 18, at 2.

These allegations fail to show the requisite "imminent danger" because they are totally unrelated to the allegations in Beeson's complaint. To determine whether a plaintiff qualifies for the imminent danger exception, courts look to the allegations in the complaint. *Andrews,* 493 F.3d at 1053; *see also, e.g., Avent v. Fisher*, 2008 WL 5000041, at *3 (N.D.N.Y. Nov. 20, 2008) ("When determining whether a prisoner has qualified for the 'imminent danger' exception, courts look at the nonconclusory allegations in the plaintiff's complaint."). Further, "to invoke the imminent danger exception, "the claim for relief asserted must be for the *alleviation* of that [imminent] threat of harm." *Crooker v. United States*, 2011 WL 1375613, at *2 (D. Mass. 2011) (emphasis in original).

In *Judd v. Fed. Election Comm'n*, 311 Fed. Appx. 730, 731 (5th Cir. 2009) (unpublished order), the Fifth Circuit addressed a similar disconnect between the relief sought in the complaint and the allegations of imminent harm. In that case, the prisoner's complaint alleged he was a candidate for President of the United States and that, as a prisoner, he was not allowed to vote for himself. *Id.* To show imminent danger, the prisoner focused on an untreated hernia and threats from prison gang members. *Id.* The

Court held that these allegations failed to establish imminent harm: "Although it may be true that Judd is now under such a threat both from his medical condition and fellow prisoners, neither of those threats is related to his complaint." *Id.*

Navarro did not respond to the substance of Beeson's new allegations of imminent harm. Instead, he moved to strike the various letters and concern forms Beeson submitted in an effort to document his alleged medical problems.

The Court will deny Navarro's motions to strike. When determining whether a prisoner's allegations of imminent harm are plausible, the Court looks to the allegations in the complaint, as noted above. Further, there must be a nexus between the relief sought and the threat of harm. That does not mean, however, that the Court cannot consider evidence outside the complaint in determining whether the imminent harm allegations are plausible. *Cf. Taylor v. Watkins*, 623 F.3d 483, 485-86 (7th Cir. 2010) (if a defendant challenges plaintiff's allegations of imminent danger, a limited hearing is one way to resolve the issue). Here, Beeson failed to submit any evidence of imminent harm related to the allegations in his complaint.

**IT IS ORDERED:**

1. The Court **RECONSIDERS** Beeson's *in forma pauperis* status, finds that he has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g), and further finds that Beeson's allegations do not place him in imminent danger of serious physical injury.

2. The Court **REVOKES** the finding that Beeson may proceed *in forma*

*pauperis* in this action pursuant to 28 U.S.C. § 1915(b) and **DENIES** Beeson leave to proceed *in forma pauperis.*

3. The Court **DENIES** Navarro's Motions to Strike (Dkts. 22, 23).

4. The following motions are deemed **MOOT** and are **DENIED WITHOUT PREJUDICE** on that basis: Navarro's Motion to Dismiss (Dkt. 14); Beeson's Motion for Reconsideration (Dkt. 19); and Beeson's Motion to Supplement Complaint (Dkt. 20).

5. The Court will allow Beeson 30 days from the date of this Order to pay the complete $350 filing fee. Beeson is advised that if he does not pay the filing fee by that date, his complaint may be dismissed. Beeson is further advised that if he pays the filing fee, the parties may re-file any motion the Court has denied as moot. In that regard, the Court specifically advises Beeson that if he pays the filing fee, Navarro may refile his Motion to Dismiss (Dkt. 14), which could result in dismissal of Beeson's claims.

DATED: **October 17, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge